| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue - Suite 207<br>P.O. Box 1029<br>Millburn, New Jersey 07041<br>Phone: (973) 467-2700 / Fax: (973) 467-8126<br>Counsel for Robert B. Wasserman, Chapter 7 Trustee<br>**SCOTT S. REVER (SR-1425)** | Case No. 08-18384 |
| In Re:<br><br>RALPH M. DAY, SR.,<br><br><br>Debtor. | Chapter 7<br><br>Honorable Morris Stern |
| ROBERT B. WASSERMAN, Chapter 7 Trustee,<br>Plaintiff,<br>v.<br><br>LOUIS A. CAPAZZI, JR., ESQ., ANN CAPAZZI, JESSICA GALLO and HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1,<br>Defendants. | Adv. Pro. No.: 10-1479 MS |

**AFFIDAVIT OF ROBERT B. WASSERMAN, IN SUPPORT OF APPLICATION REQUESTING ENTRY OF DEFAULT JUDGMENT AGAINST HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1**

STATE OF NEW JERSEY  )
                     ) SS.
COUNTY OF ESSEX      )

Robert B. Wasserman, of full age, being duly sworn according to law upon his oath

deposes and says as follows:

1. I have been duly appointed the Chapter 7 Trustee for Ralph Day ("Debtor") in this proceeding. I am familiar with the facts and circumstances of this action. I make this Affidavit in support of my request that this Court enter default and judgment by default against HSBC Bank USA, National Association as Trustee for the Holders of the Certificates issued by Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-1 ("HSBC" or "Defendant") in the above captioned action.

2. As set forth in the Adversary Complaint, a copy of which is annexed hereto as Exhibit "A", I am seeking a judgment against HSBC avoiding HSBC's interest in the Property located at 666 Closter Dock Road, Closter, New Jersey, if any, pursuant to 11 U.S.C. §544.

3. Ralph Day, the Debtor ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 6, 2008. On February 9, 2010, the Debtor's case was converted to a case under Chapter 7. Thereafter, the Trustee was appointed Chapter 7 Trustee.

4. HSBC Bank USA, National Association, as Trustee for the holders of the Certificates issued by Deutsche ALT-A Securities Mortgage Loan Trust Series 2007-1 ("Defendant HSBC") is a bank with a principal place of business located at 452 Fifth Avenue, New York, New York 10018.

5. As of the Petition Date, the Debtor was the record owner of certain real property located at 666 Closter Dock Road, Closter, New Jersey (the "Property").

6. A title search conducted by the Trustee revealed a Lis Pendens filed by HSBC referring to a foreclosure action filed by HSBC with respect to the Property, which was filed on December 11, 2008, after the filing of the Debtor's bankruptcy petition on May 6, 2008.

7. The Lis Pendens provides that as part of the foreclosure action HSBC sought to impose an equitable lien on the Debtor's interest in the Property by virtue of a mortgage on the Property made by A. Capazzi to MERS as a nominee for Lighthouse Mortgage Service Company, Inc., its successors and assigns, dated February 28, 2007.

8. In light of the foregoing, it appears as though while record title was in the Debtor's name, Ann Capazzi attempted to usurp his ownership of same and without the Debtor's authorization and/or consent A. Capazzi obtained a loan from HSBC or its predecessor in interest purportedly secured by a mortgage on the Property.

9. The title search does not reveal any other mortgages on the Property.

10. The Trustee submits that no party other than the Debtor had authority to encumber the Property, that A. Capazzi had no authority or right to encumber the Property; and HSBC had no authority or right to place a mortgage on the Property.

11. Since the Debtor was the record owner of the property on the Petition Date, the Property is property of the Debtor's estate pursuant to 11 U.S.C. §541.

12. Pursuant to 11 U.S.C. §544(a)(1) and (a)(2), the Trustee may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by a creditor that has obtained a judgment lien or a creditor who obtained an execution against the Debtor that is returned unsatisfied, whether or not such creditors exist.

13. Pursuant to 11 U.S.C. §544(a)(3) the Trustee may avoid any transfer of property of the Debtor that is voidable by a bona fide purchaser of real property from the Debtor that has perfected such interest as of the commencement of the case.

14. The Trustee, as a hypothetical judgment lien creditor and a bona fide purchaser for value, has an interest in the Property superior to that of HSBC.

15. Pursuant to 11 U.S.C. §544, the Trustee may avoid HSBC's interest in the property, if any.

16. As part of the complaint, the Trustee demanded that HSBC come before the Court and prove the extent, validity and nature of its interests in the Property, if any, but it failed to do so.

17. Based upon the foregoing, I respectfully request that this Court grant a judgment by default against HSBC.

WHEREFORE, I respectfully request that this Court enter a default judgment against HSBC Bank USA, National Association as Trustee for the Holders of the Certificates issued by Deutsche ALT-A Securities Mortgage Loan Trust, Series 2007-1.

_____
ROBERT B. WASSERMAN

Sworn and subscribed to
before me this 14th day
of May, 2010

_____
A NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES
PAMELA BELLINA
A Notary Public of New Jersey
My Commission Expires July 16, 2014