| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> WASSERMAN, JURISTA & STOLZ, P.C. <br> 225 Millburn Avenue - Suite 207 <br> P.O. Box 1029 <br> Millburn, New Jersey 07041 <br> Phone: (973) 467-2700 / Fax: (973) 467-8126 <br> Counsel for Robert B. Wasserman, Chapter 7 Trustee <br> **SCOTT S. REVER (SR-1425)** | Case No. 08-18384 |
| **In Re:** <br><br> **RALPH M. DAY, SR.,** <br><br><br> **Debtor.** | Chapter 7 <br><br> Honorable Morris Stern |
| **ROBERT B. WASSERMAN, Chapter 7 Trustee,** <br>        **Plaintiff,** <br> v. <br><br> **LOUIS A. CAPAZZI, JR., ESQ., ANN CAPAZZI, JESSICA GALLO and HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1,** <br>        **Defendants.** | Adv. Pro. No.: 10-1479 MS |

___

**OBJECTION TO MOTION FILED BY LOUIS A. CAPAZZI, JR., ESQ. AND ANN CAPAZZI TO VACATE ENTRY OF DEFAULT**
___

Robert B. Wasserman, the Chapter 7 Trustee ("Trustee") in the above referenced bankruptcy case and the Plaintiff ("Plaintiff") in the above referenced adversary proceeding, respectfully submits this Objection to the motion filed by Louis A. Capazzi, Jr., Esq. and Ann Capazzi to vacate entry of default, and represents to the court as follows:

1. Ralph Day, the Debtor ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 6, 2008. On December 30, 2008, the Trustee was appointed Chapter 11 Trustee. On February 9, 2010, the Debtor's case was converted to a case under Chapter 7. Thereafter, the Trustee was appointed Chapter 7 Trustee.

2. As of the Petition Date, the Debtor was the record owner of certain real property located at 666 Closter Dock Road, Closter, New Jersey (the "Property"). A copy of the deed is annexed hereto as Exhibit "A".

3. The Trustee obtained a title search for the Property. The title search revealed a Lis Pendens filed by HSBC referring to a foreclosure action which was filed on December 11, 2008, after the filing of the Debtor's bankruptcy petition on May 6, 2008. Exhibit "B".

4. The Lis Pendens provides that as part of the foreclosure action, HSBC sought to impose an equitable lien on the Debtor's interest in the Property by virtue of a mortgage on the Property made by Defendant Ann Capazzi to MERS as the nominee for Lighthouse Mortgage Service Company, Inc., its successors and assigns, dated February 28, 2007.

5. In light of the foregoing, it appears as though while record title was in the Debtor's name, Ann Capazzi attempted to usurp the Debtor's ownership interest in the Property and obtained a loan from HSBC purportedly secured by a mortgage on the Property, without the Debtor's authorization or consent.

6. The title search obtained by the Trustee reflects that there are no mortgages of record on the Property.

7. On or about April 6, 2010, the Trustee filed a verified adversary complaint against Louis Capazzi, Ann Capazzi and HSBC to determine the extent and validity of liens and interests

2

in the Property and for an accounting of any income derived from the Property and for certain other relief. A copy of the complaint is annexed hereto as Exhibit "C".

8. After the filing of the trustee's complaint, the trustee learned that Defendants Louis Capazzi and Ann Capazzi orchestrated a fraudulent scheme through which they purported to transfer the Debtor's interest in the Property to Ann Capazzi on or about February 28, 2007, without the Debtor's knowledge or authorization. In addition, the closing statement with respect to the sale reflects that the Debtor received net proceeds of $414,260.41 which funds were not received by the Debtor. A copy of the closing statement with respect to the transaction is annexed hereto as Exhibit "D".

9. To date, the Trustee has not seen a deed memorializing the purported transfer of the Property by Ralph Day to Ann Capazzi nor has the Trustee seen any checks issued at closing to determine who received the net proceeds of sale.

10. Upon information and belief, Louis Capazzi had or has an interest in or a relationship with the title agency involved in the transaction, East Coast Title and therefore, these documents should be readily available to him.

11. For some reason however, the deed purporting to transfer the Property from Ralph Day to Ann Capazzi was never recorded. Moreover, a review of the closing statement makes clear Ralph Day's signature was a forgery. Attached hereto please find documents executed by Ralph Day and the signatures thereon bear no resemblance to Ralph Day's forged signature on the closing statement. Exhibit "E"

12. The Trustee has also obtained a certification from the Debtor indicating that the Debtor did not have knowledge of and did not consent to the transfer of the Property to Ann

3

Capazzi, did not attend the closing, did not sign the deed or HUD closing statement and has no knowledge of the disposition of the net proceeds of sale. Exhibit "F"

13. Accordingly, it is apparent that Capazzi orchestrated a scheme to defraud the debtor and obtain title to the Property by transferring the Property to his wife without the Debtor's knowledge or consent.

14. Without an adequate explanation regarding this transaction, the forged documents, the whereabouts of the net proceeds of sale, etc., the Trustee submits that this Court should not even consider vacating the default.

### The Capazzis have not shown excusable neglect or lack of culpable conduct for failing to timely answer the complaint

15. Louis Capazzi claims that he spoke with an attorney, Sean Mack, Esq. of Pashman Stein, PC regarding representing him and his wife in the instant adversary proceeding. Mr. Capazzi states that he mistakenly believed that Mr. Mack was to take appropriate action in response to the pleadings and that he discovered after the May 10, 2010 entry of default that counsel had not filed an answer or a response on Defendants' behalf. The Defendants claim that Mr. Mack advised the Defendants that he did not file an answer to the Complaint because the Defendants had not formally retained him to do so.

16. Louis Capazzi, Jr. is an attorney at law admitted to practice in the State of New Jersey. As an attorney, he should be held to a higher standard.

17. Mr. Capazzi, as an attorney should have made sure the answer was timely filed and should have known that since he had not formally retained Mr. Mack to represent him and his wife in this matter that Mr. Mack would not be filing an answer or representing their interests in this matter. Curiously, the Defendants did not submit a Certification from Mr. Mack explaining Mr. Mack's understanding.

18. The Trustee has contacted Mr. Mack and Mr. Mack advised that he never spoke to Capazzi about the substance of the complaint or Capazzi's alleged defenses, nor was he retained to file an answer on the Capazzi's behalf. In fact, Mr. Mack advised that he never even received a copy of the complaint. See letter from Sean Mack, Esq. annexed hereto as Exhibit "G"

19. Accordingly, Capazzi's assertions that he believed Mr. Mack was going to file an answer to the complaint can not be believed, especially since Mr. Mack never received a copy of the complaint and because the Capazzis and Mr. Mack never had any discussions relating to the substance of the complaint or potential defenses.

20. It appears that Capazzi failed to exercise even a minimal amount of diligence to ensure that an appropriate answer was timely filed. It can not be believed that Mr. Capazzi thought Mr. Mack was working on preparing an answer as there would have been some communication by and between Capazzi and Mr. Mack while the answer was being prepared, however as set forth by Mr. Mack there was no contact at all.

21. Simply put, Capazzi's excuse for failing to file a timely answer is not supported by the facts presented to this Court. Capazzi has not shown excusable neglect or a lack of culpable conduct for failure to timely file an answer to the complaint. Accordingly, Capazzi's motion must be denied.

**The Capazzis have not shown that they have a meritorious defense.**

22. The Capazzis' allege they have a meritorious defense because the Trustee allegedly failed to join an indispensable party, Durie Properties, LLC ("Durie"). In addition, the Defendants contend that the Trustee's interest in the Property may be subject to a constructive

5

trust in favor of Durie Properties, LLC. Defendants assert that this somehow supports a defense to the claims asserted by the Trustee against them.

23. The Trustee, in his complaint, seeks to compel Louis Capazzi, Ann Capazzi and HSBC to prove the extent, validity and nature of their interest in the property located at 666 Closter Dock Road, Closter, New Jersey, and an order avoiding any such interest in the Property. The Trustee, through his complaint, is not seeking to alter or affect any interest Durie has in the Property, because the Trustee does not believe any argument can be made that it has any interest. Nothing in the Trustee's title search reflected Durie has or had an interest in the Property and not a shred of evidence has been produced indicating same.

24. The fact that a third party may have an interest in the Property is not a defense to the claims against Louis and Ann Capazzi. The Trustee submits that the Capazzis lack standing to assert defenses on behalf of third parties. Accordingly, these defendants have not asserted a meritorious defense to the claims against them.

25. Moreover, Durie is not an indispensable party as this Court can determine that the Capazzis do not have an interest in the Property without Durie being a party. In addition, other than Capazzi's self serving statements, no evidence has been produced that would support a finding that a constructive trust should be imposed on the Property in favor of Durie Properties, LLC. Any interest Durie has in the Property is subject to the Trustee's superior interest in the Property under §544.

26. For the foregoing reasons, the Trustee submits that the Defendants have not proven they have a meritorious defense to the claims in the complaint. Accordingly, the Defendants' motion must be denied.

**WHEREFORE**, the Trustee respectfully requests that this Court deny the Defendants' motion to vacate entry of default.

                                        Respectfully submitted,

                                        **WASSERMAN, JURISTA & STOLZ, P.C.**
                                        Attorneys for Robert B. Wasserman,
                                        Chapter 7 Trustee

Date: August 13, 2010                       */s/    SCOTT S. REVER*_____
                                                   SCOTT S. REVER