**EXHIBIT C**

## Open Adversary/MP Case

### U.S. Bankruptcy Court

### District of New Jersey

Notice of Electronic Filing

The following transaction was received from Rever, Scott entered on 4/6/2010 at 2:59 PM EDT and filed on 4/6/2010
**Case Name:**    Robert B. Wasserman v. Capazzi et al
**Case Number:**   10-01479-MS
**Document Number:** 1
**Case Name:**    Ralph M Day
**Case Number:**   08-18384-MS
**Document Number:** 241

**Docket Text:**
Adversary case 10-01479. Complaint by Robert B. Wasserman against Louis A. Capazzi ; Ann Capazzi ; Jessica Gallo ; HSBC Bank USA. Fee Amount $ 250.. (21 (Validity, priority or extent of lien or other interest in property)) (Attachments: # (1) Exhibit A# (2) Exhibit B) (Rever, Scott)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Adversary Complaint re L Capazzi A Capazzi J Gallo and HSBc Bank.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/6/2010] [FileNumber=24922826-0
] [3b8692ee79ed231ec4f81188db9fde5957b6e3b0e6ecf7288af5ba45f19a30233b7
bef10196602db22b59043c6cf79f8481ddab502a453a60a8428094ad3d204]]
**Document description:** Exhibit A
**Original filename:** C:\fakepath\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/6/2010] [FileNumber=24922826-1
] [5842ddc4da28ab48cc7f54f9ba3a3af7430cfe65e0e0db56071da18253611d75449
b388a3e903037682b043f78ac46bd6d89a7d1ebdcd70f9adcae6f5ef78bd8]]
**Document description:** Exhibit B
**Original filename:** C:\fakepath\Exhibit B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/6/2010] [FileNumber=24922826-2
] [150caadc93fd759d3384a8993927084185d6ec2930544ca12b530514335c320be7e
5b83413bfca0b24de062bd62a0b5781c416360abcd0db24bbdf681c5efa36]]
**Document description:** Main Document
**Original filename:** C:\fakepath\Adversary Complaint re L Capazzi A Capazzi J Gallo and HSBc Bank.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/6/2010] [FileNumber=24922827-0
] [7979d32d90dba892b33102081aec41b8363dd77fedc44b3364ba87d34df4e9bba1e
cf9fc71d5076236191c49d6aa504b8de6424067d7d866ceaf681af53ddf7c]]

**Document description:**Exhibit A
**Original filename:**C:\fakepath\Exhibit A.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/6/2010] [FileNumber=24922827-1
] [779634ff75e6c2bd8ff0eafe97a17e5b5c9b68012f4011a582cc8c25e08011f5f4b
b8586e75ea55465b7141afb5b7200561c653b9df0a63bdbfc8333dcf63184]]
**Document description:**Exhibit B
**Original filename:**C:\fakepath\Exhibit B.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1002741850 [Date=4/6/2010] [FileNumber=24922827-2
] [80d6071f413f0336a20667f239c12d0a9a8e0e764e17af703d2cfee3f37449feeb0
a381e0295b22ac656aa6de1196020661e840c55a8f612a53c07e60571d2dd]]

**10-01479-MS Notice will be electronically mailed to:**
U.S. Trustees Office

Scott S. Rever on behalf of Plaintiff Robert B. Wasserman
srever@wjslaw.com

**10-01479-MS Notice will not be electronically mailed to:**

Ann Capazzi
16 Eastbrook Road
Harrington Park, NJ

Louis A. Capazzi
16 Eastbrook Road
Harrington Park, NJ

Jessica Gallo
666 Closter Dock Road
Closter, NJ

HSBC Bank USA
452 Fifth Avenue
New York, NY

**08-18384-MS Notice will be electronically mailed to:**
U.S. Trustees Office

Joel A. Ackerman on behalf of Creditor Bank of America
jackerman@zuckergoldberg.com

Joel A. Ackerman on behalf of Creditor Bank of America
jackerman@zuckergoldberg.com

Stuart D. Gavzy on behalf of Spec. Counsel Charles Shaw
mainmail@gavzylaw.com, ecfmail@gavzylaw.com;lhood71407@aol.com;sstern@gavzylaw.com

Thomas W. Halm on behalf of Creditor Toscano, Marguerite & Joan Anselmo
TWH@HillWallack.com, fkm@hillwallack.com

Mitchell Hausman on behalf of U.S. Trustee United States Trustee
Mitchell.B.Hausman@usdoj.gov

Shining J. Hsu on behalf of U.S. Trustee United States Trustee
shining.hsu@usdoj.gov

Gregory S Kinoian on behalf of Creditor Nunzia Mazzaccoli
gkinoian@ohdlaw.com

Leslie E. Puida on behalf of Creditor Lasalle Bank National Association as Trustee for the Holders of LXS 2005-02
bkgroup@goldbecklaw.com

Scott S. Rever on behalf of Plaintiff Robert B. Wasserman
srever@wjslaw.com

James A. Scarpone on behalf of Debtor Ralph Day
jscarpone@scarponevargo.com, calt@scarponevargo.com

Robert K. Scheinbaum on behalf of Creditor Liberty Mutual Insurance Company
rscheinbaum@podvey.com

Scott D. Sherman on behalf of Creditor BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP fka Countrywide Home Loans, Inc.
ssbankruptcy@minionsherman.com

Marikae Grace Toye on behalf of Creditor State of New Jersey, Division of Taxation
Marikae.Toye@dol.lps.state.nj.us

United States Trustee
USTPRegion03.NE.ECF@usdoj.gov

Robert B. Wasserman
pbellina@wjslaw.com, NJ27@ecfcbis.com;rwasserman@wjslaw.com

Robert B. Wasserman on behalf of Trustee Robert Wasserman
rwasserman@wjslaw.com, pbellina@wjslaw.com

**08-18384-MS Notice will not be electronically mailed to:**

Bederson & Company, LLP
Bederson & Company, LLP
405 Northfield Avenue
West Orange, NJ 07052

Christopher Bianchi
McSpirit & Beckett Real Estate
4 Highland Avenue
Tenafly, NJ 07670

F.I.R.S.T.
4 Concord St.
Cranford, NJ 07016

F.I.R.S.T. Tax Practice & Procedure Specialists
4 Concord Street
Cranford, NJ 07016

Laura Giannotta
Keller Williams Jersey Shore Realty
508 New Jersey Avenue
Suite 2B
Absecon, NJ 08201

Ashley Haynes
East Islands Real Estate
29 JC Long Blvd
Isle of Palms, SC 29451

Lauren Kahn
ERA Tucker Associates
#8 College Avenue
Nanuet, NY 10954

Keller Williams Realty
200 Tilton Road
Northfield, NJ 08225

Mazzoccoli Nunzia
,

Polk, Prober, and Raphael on behalf of Creditor Countrywide Home Loans Servicing LP fka
Countrywide Home Loans, Inc.
20750 Ventura Boulevard
Suite 100
Woodland Hills, CA 91364

Charles Shaw on behalf of Debtor Ralph Day
Law Office of Charles Shaw & Associates
170 Washington Avenue
Dumont, NJ 07628

Wasserman, Jurista & Stolz, PC on behalf of Trustee Robert Wasserman
225 Millburn Avenue
Ste. 207
PO Box 1029
Millburn, NJ 07041

Weichert Realtor
,

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue - Suite 207<br>P.O. Box 1029<br>Millburn, New Jersey 07041<br>Phone: (973) 467-2700 / Fax: (973) 467-8126<br>Counsel for Robert B. Wasserman, Chapter 7 Trustee<br>**SCOTT S. REVER (SR-1425)** | Case No. 08-18384 |
| In Re:<br><br>RALPH M. DAY, SR.,<br><br><br>Debtor. | Chapter 7<br><br>Honorable Morris Stern |
| ROBERT B. WASSERMAN, Chapter 7 Trustee,<br>Plaintiff,<br>v.<br>LOUIS A. CAPAZZI, JR., ESQ., ANN CAPAZZI, JESSICA GALLO and HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1,<br>Defendants. | Adv. Pro. No.: 10- |

**VERIFIED ADVERSARY COMPLAINT TO DETERIME EXTENT AND VALIDITY OF LIENS AND INTERESTS IN 666 CLOSTER DOCK ROAD, CLOSTER, NEW JERSEY, FOR AN ACCOUNTING OF INCOME DERIVED THEREFROM, AND DIRECTING REMOVAL OF PERSONS FROM THE PROPERTY**

Robert B. Wasserman, the Chapter 7 Trustee in the above referenced bankruptcy case and the Plaintiff ("Plaintiff" or "Trustee"), in the above referenced Adversary Proceeding, by way of Complaint against Louis A. Capazzi, Jr., Esq., Ann Capazzi, Jessica Gallo and HSBC Bank

USA, National Association as Trustee for the Holders of the Certificates issued by Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-1 ("HSBC"), ("Defendants") states as follows:

### THE PARTIES

1. Ralph Day, the Debtor ("Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 6, 2008. On February 9, 2010, the Debtor's case was converted to a case under Chapter 7. Thereafter, the Trustee was appointed Chapter 7 Trustee.

2. The Plaintiff is the Chapter 7 Trustee in Ralph Day's ("Debtor") bankruptcy case.

3. Louis A. Capazzi, Jr., Esq. ("L. Capazzi"), is a practicing attorney with law offices located at 660 Kinderkamack Road, Oradell, New Jersey and who upon information and belief resides at 16 Eastbrook Road, Harrington Park, New Jersey. Upon information and belief, the Debtor and L. Capazzi were partners in various real estate ventures.

4. Ann Capazzi ("Defendant A. Capazzi") is an individual who upon information and belief is L. Capazzi's wife and resides at 16 Eastbrook Road, Harrington Park, New Jersey.

5. Jessica Gallo ("Defendant Gallo") is an individual who upon information and belief, resides at 666 Closter Dock Road, Closter, New Jersey.

6. HSBC Bank USA, National Association, as Trustee for the holders of the Certificates issued by Deutsche ALT-A Securities Mortgage Loan Trust Series 2007-1 ("Defendant HSBC") is a bank with a principal place of business located at 452 Fifth Avenue, New York, New York 10018

### JURISDICTION

7. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §1334(b).

8. This Adversary Proceeding is a Core proceeding pursuant to 28 U.S.C.§157(b)(2)(A)(B)(E)(K) and (O).

9. This Adversary Proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(1) and (2) and 11 U.S.C. §541.

10. Venue is proper in this District pursuant to 28 U.S.C. §1409(a).

## COUNT ONE

11. The Trustee repeats the allegations set forth in paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. As of the Petition Date, the Debtor was the record owner of certain real property located at 666 Closter Dock Road, Closter, New Jersey (the "Property"). A copy of the deed is annexed hereto as Exhibit "A".

13. Upon information and belief, it was the Debtor's understanding at the time of his bankruptcy filing that the Property was somehow transferred or sold by his former business partner, L. Capazzi and he was led to believe that there was no equity in the Property at the time of the sale.

14. A title search conducted by the Trustee revealed that the debtor is the record owner of the Property. The title search also revealed a Lis Pendens filed by HSBC referring to a foreclosure action filed by HSBC with respect to the Property, which was filed on December 11, 2008, after the filing of the Debtor's bankruptcy petition on May 6, 2008. Exhibit "B"

15. The Lis Pendens provides that as part of the foreclosure action HSBC sought to impose an equitable lien on the Debtor's interest in the Property by virtue of a mortgage on the Property made by A. Capazzi to MERS as a nominee for Lighthouse Mortgage Service Company, Inc., its successors and assigns, dated February 28, 2007.

3

16. In light of the foregoing, it appears as though while record title was in the Debtor's name, Ann Capazzi attempted to usurp his ownership of same and without the Debtor's authorization and/or consent A. Capazzi obtained a loan from HSBC purportedly secured by a mortgage on the Property.

17. The title search does not reveal any other mortgages on the Property.

18. The Trustee submits that no party other than the Debtor had authority to encumber the Property, that A. Capazzi had no authority or right to encumber the Property; and HSBC had no authority or right to place a mortgage on the Property.

19. Since the Debtor was the record owner of the property on the Petition Date, the Property is property of the Debtor's estate pursuant to 11 U.S.C. §541.

20. Pursuant to 11 U.S.C. §544(a)(1) and (a)(2), the Trustee may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by a creditor that has obtained a judgment lien or a creditor who obtained an execution against the Debtor that is returned unsatisfied, whether or not such creditors exist.

21. Pursuant to 11 U.S.C. §544(a)(3) the Trustee may avoid any transfer of property of the Debtor that is voidable by a bona fide purchaser of real property from the Debtor that has perfected such interest as of the commencement of the case.

22. The Trustee, as a hypothetical judgment lien creditor and a bona fide purchaser for value, has an interest in the Property superior to that of A. Capazzi, L. Capazzi and HSBC.

23. Pursuant to 11 U.S.C. §544, the Trustee may avoid A. Capazzi, L. Capazzi and HSBC's interest in the property, if any.

24. The Trustee requests that L. Capazzi, A. Capazzi and HSBC come before the Court and prove the extent, validity and nature of their interests in the Property, if any.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order compelling Louis Capazzi, Ann Capazzi and HSBC to prove the extent, validity and nature of their interests in the Property, and enter an order avoiding any such interests in the Property pursuant to 11 U.S.C. §544, and grant such other relief as is just and proper.

## COUNT TWO
## REQUEST FOR AN ACCOUNTING

25. The Trustee repeats the allegations set forth in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Upon information and belief, Jessica Gallo has been residing at the Property since at least January 1, 2009 without having made any payments to the estate for rent or for her use and occupancy.

27. Upon information and belief, Ms. Gallo may have been making rent or use and occupancy payments to L. Capazzi, A. Capazzi or their associates.

28. The Trustee requests an accounting of all income derived from the Property including but not limited to, rent and/or use and occupancy paid by Gallo.

29. The Trustee also requests that any and all income derived from the Property, or the amount thereof, be immediately turned over to the Trustee.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order directing L. Capazzi, A. Capazzi and Jessica Gallo to provide an accounting of all income derived from the Property and that any and all such income and/or the amount thereof be immediately turned over to the Trustee, and for such other relief as is just and proper.

## COUNT THREE

30. The Trustee repeats the allegations set forth in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

5

31. To the extent that this Court finds that the estate is the title owner of the Property unencumbered by any alleged interests of the Defendants and/or to the extent that there is equity in the Property, the Trustee requests that this Court enter a judgment against Jessica Gallo directing her and any other parties residing at the Property to immediately vacate the Property so that it may be sold by the Trustee.

**WHEREFORE**, the Trustee respectfully requests the entry of a judgment compelling Jessica Gallo and all other parties residing at the Property to vacate the Property, and such other relief as is just and proper.

Respectfully submitted,

**WASSERMAN, JURISTA & STOLZ. P.C.**
Attorneys for Robert B. Wasserman,
Chapter 7 Trustee

Date: 4-6-10

By: _____
SCOTT S. REVER

## **VERIFICATION**

I, ROBERT B. WASSERMAN, hereby certify and verify under penalty of perjury that:

1.   I am the Chapter 7 Trustee in the Ralph M. Day bankruptcy case and the Plaintiff in the above referenced adversary proceeding;

2.   I have read the factual allegations contained in the foregoing and affirm such allegations are true and accurate to the best of my knowledge, information and belief; and

3.   I am aware that if any of the allegations contained in the foregoing Complaint are willfully false, that I am subject to punishment.

_____
ROBERT B. WASSERMAN

chg 271

# Deed

This Deed is made on June 16, 2005
BETWEEN
Ivo Marrero        Magaly Marrero        Husband & Wife

whose post office address is
666 Closter Dock Road
Closter, N.J. 07624

referred to as the Grantor,
AND
Ralph Day
whose post office address is
666 Closter Dock Road
Closter, N.J. 07624

referred to as the Grantee.

132311        Deed > 350,000
Kathleen A. Donovan   Recording Fee 70.00
Bergen County Clerk   Charge 271
Recorded 09/26/2005 15:47 WATKINS, DAVID H

Consideration        : 699000.00
Realty Transfer Fee  : 6234.40
State Portion        : 4362.40
County Portion       : 1048.50
Municipality Portion : 823.50

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

1. **Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of $699,000.00
Six Hundred Ninety-Nine Thousand Dollars and No Cents
The Grantor acknowledges receipt of this money.

2. **Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of Closter
Block No. 2404   Lot No. 23   Qualifier No.   Account No.
☐ No lot and block or account number is available on the date of this Deed. (Check Box if Applicable.)

3. **Property.** The Property consists of the land and all the buildings and structures on the land in
the Borough of Closter
County of Bergen and State of New Jersey. The legal description is:

☒ Please see attached Legal Description annexed hereto and made a part hereof. (Check Box if Applicable.)

Being the same premises conveyed to Ivo Marrero and Magaly Marrero, husband and wife by deed from Richard Steven Pappin and Richard Pappin, as Trustees of the Barbara McCain Pappin Revocable Trust Agreement dated February 14, 1991, dated October 21, 1991, recorded October 24, 1991 in Deed Book 7477, Page 754.

Said premises are commonly known as 666 Closter Dock Road, Closter, New Jersey.

Prepared by (print signer's name below signature)        (For Recorder's Use Only)

Ramon M. Gonzalez

103 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language Rev. 7/01        Powered by HotDocs        ©2001 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com 800.222.0510        Page 1

D - BK 08914 PG 451

R 9-26-05

## CHICAGO TITLE INSURANCE COMPANY
### TITLE INSURANCE COMMITMENT

File Number: ECT05-130

### SCHEDULE C
### LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Closter, County of Bergen, State of New Jersey:

BEGINNING at a point in the southwesterly line of Old Closter Dock Road, distant thereon 197.75 feet northwest of its intersection with the northwesterly line of Lake Street, and running thence:

(1)  South 47 degrees 21 minutes 12 seconds West, 200.62 feet; thence

(2)  South 40 degrees 08 minutes East, 100.10 feet; thence;

(3)  North 47 degrees 19 minutes 30 seconds East, 200.62 feet to the southwesterly line of Old Closter Dock Road; thence

(4)  North 40 degrees 08 minutes West, 100.00 feet along the southwesterly line of Old Closter Dock Road to the point and place of BEGINNING.

NOTE: Being Lot(s): 23, Block: 2404; Tax Map of the Borough of Closter, County of Bergen, State of New Jersey.

NOTE: Lot and Block shown for informational purposes only.

Schedule C    BK 0 8 9 1 4 PG 4 5 2

The street address of the Property is:
686 Closter Dock Road, Closter, NJ 07624

4. **Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

5. **Signatures.** The Grantor signs this Deed as of the date at the top of the first page. (Print name below each signature.)

Witnessed By:

_____           _____ (Seal)
Ramon M. Gonzalez, Esq.                   Ivo Marrero

                                          _____ (Seal)
                                          Magaly Marrero

STATE OF NEW JERSEY, COUNTY OF HUDSON                    SS:
I CERTIFY that on June 16, 2005

Ivo Marrero                               Magaly Marrero

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of this Deed; and,
(b) executed this Deed as his or her own act.

RECORD AND RETURN TO:
David M. Watkins, Esq.

205 Closter Dock Road                     _____
Closter, New Jersey 07624                 Ramon M. Gonzalez, Esq.
                                          Attorney at law of New Jersey
                                          Print name and title below signature

103 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.       Powered by       ©2001 by ALL-STATE LEGAL®
Plain Language Rev. 9/01  P.2                       HotDocs          A Division of ALL-STATE International, Inc.
                                                                     www.aslegal.com  800.222.0510  Page 2
BK 08914 PG 453

02/02/2010  11:21    2014883890                BERGEN FAX                            PAGE  09/17

ASC-8031
PHELAN HALLINAN & SCHMIEG, PC
By: Rosemarie Diamond, Esq.
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
(856) 813-5500
Attorneys for Plaintiff

**FILED**

**DEC 1 1 2008**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES ISSUED BY DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-1<br>PLAINTIFF<br><br>VS.<br><br>ANN CAPAZZI;<br>MR. CAPAZZI, HUSBAND OF ANN CAPAZZI;<br>RALPH DAY;<br>ALL AMERICAN HAULING;<br>STATE OF NEW JERSEY<br>DEFENDANT (S) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION HACKENSACK, NJ<br>BERGEN COUNTY<br><br><br>DOCKET NO: F-45655-08<br><br>CIVIL ACTION<br>NOTICE OF SPECIAL LIS PENDENS |

TO WHOM IT MAY CONCERN

Notice is hereby given of the commencement and pendency of the above-entitled Civil Action, the general objects of which are:

1. To impose an equitable lien upon any interest held by Ralph Day, on premises described by Deed from Ivo Marrero and Magaly Marreroto Ralph Day, dated June 16, 2005 and recorded September 28, 2005 in Deed Book 8914, Page 451.

2. To foreclose a certain mortgage covering the premises hereinafter described in Exhibit "A" attached hereto, made by ANN CAPAZZI to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS A NOMINEE FOR LIGHTHOUSE MORTGAGE SERVICE COMPANY, INC., ITS SUCCESSORS AND ASSIGNS dated February 28, 2007 and to recover possession of the lands and premises hereinafter described. Mortgage has not yet been recorded.

The land and premises to be affected by said suit are described in Exhibit "A" annexed hereto.

3. The Complaint in the above-entitled action was filed in the Office of the Clerk of the Superior Court of New Jersey on November 17, 2008.

Date: December 1, 2008

PHELAN HALLINAN & SCHMIEG, PC

By: _____
Vladimir Palma
Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In the matter of:

Ralph M Day

                      Debtor

Robert B. Wasserman

                      Plaintiff(s)

                      Case No.   08-18384

v.

Louis A. Capazzi, Ann Capazzi,
Jessica Gallo and HSBC Bank USA

                      Adversary No.   10-1479

                      Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk | United States Bankruptcy Court<br>50 Walnut Street, 3rd floor<br>Newark, New Jersey 07102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | Scott S. Rever, ESQ<br>Wasserman, Jurista & Stolz<br>225 Millburn Ave., Suite 207, P.O. Box 1029<br>Millburn, NJ 07041-1712 |
|---|---|

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address<br>US Bankruptcy Court<br>50 Walnut Street<br>3rd floor<br>Newark, NJ 07102 | Courtroom   3A |
|---|---|
| | Date and Time<br>7/13/2010 @ 9:30AM |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                      James J. Waldron, Clerk

Date: 4/7/10            By: Rebecca Hernandez
                                                            Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2. THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE, IN EACH COURTROOM, AND ON THE COURT'S WEB SITE: www.njb.uscourts.gov. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

*rev.12/1/09*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

Case No.: __08-18384__                    Adv. No.: __10-1479__

The pre-trial conference in this matter has been scheduled for:

Date:        __7/13/2010__              Time:  __9:30AM__

Courtroom:   __3A__

Address:     __50 Walnut Street, 3rd floor, Newark, New Jersey  07102__

---

**PLAINTIFF SHALL SERVE ALL PARTIES WITH A COPY OF THESE INSTRUCTIONS AND THE PROPOSED *JOINT ORDER SCHEDULING PRETRIAL PROCEEDINGS AND TRIAL* WHEN SERVING THE SUMMONS AND COMPLAINT.**

All parties are directed to exchange initial discovery under Fed. R. Civ. Proc. 26(a) within 14 days of the date the answer is filed.

Parties are to submit a Joint Proposed Scheduling Order in the attached form, establishing a discovery and pre trial motion schedule, and an estimated length of trial. If the parties agree to pursue mediation to resolve disputed matters, a separate mediation order selecting a mediator and providing for a mediation schedule shall be submitted within __14__ days of the submission of the scheduling order. The court will fix a trial date and enter the scheduling order **without the necessity of an appearance**.

If the Joint Proposed Scheduling Order is not filed, each party must file a pre-trial memorandum with the court and serve a copy on every party 14 days prior to the scheduled pre-trial date. The pre-trial memorandum must include the following numbered items:

1.  A concise statement of the nature of the action, including the statutory basis for the relief sought.
2.  A report on the status of discovery conducted to date and a description of the type and extent of the discovery anticipated.
3.  A list of the factual issues to be determined at trial.
4.  A list of the legal issues to be determined at trial.
5.  An itemized statement of damages sought.
6.  A statement why a Joint Proposed Scheduling Order was not submitted.
7.  An estimated date for trial readiness.
8.  An estimated length for trial.
9.  A witness list.
10. Any other information of which the court should be aware prior to scheduling the matter for trial.

**Pre-trial Conferences, if necessary, are conducted in the courtroom, on the record, and are not conducted by telephone. Failure to appear will result in pleadings being stricken.**

---

**THE PLAINTIFF'S FAILURE TO TIMELY FILE A REQUEST TO ENTER DEFAULT, IF AN ANSWER HAS NOT BEEN FILED, MAY RESULT IN DISMISSAL FOR LACK OF PROSECUTION AT THE PRE TRIAL CONFERENCE.**

*rev.12/1/09*