# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------X
In re:                                                :
                                                      :
RALPH M. DAY, SR.,                                    :  **Case No. 08-18384**
                                                      :
         Debtor.                                      :  **Chapter 7**
------------------------------------------------------X
ROBERT B. WASSERMAN, Chapter 7                        :  **Honorable Morris Stern**
Trustee,                                              :
                                                      :  **Adv. Pro. No. 10-01479**
         Plaintiff,                                   :
                                                      :
v.                                                    :
                                                      :
LOUIS A. CAPAZZI, JR., ESQ., ANN                      :
CAPAZZI, JESSICA GALLO and HSBC                       :
BANK USA, NATIONAL ASSOCIATION,                       :  **Return Date: August 25, 2010 at 10:00 a.m.**
                                                      :
         Defendants.                                  :  **Courtroom 3-A**
------------------------------------------------------X

---

### REPLY OF DEFENDANTS LOUIS A. CAPAZZI, JR. AND ANN CAPAZZI TO PLAINTIFF'S OBJECTION, AND IN FURTHER SUPPORT OF THEIR (I) MOTION FOR VACATUR OF THE ENTRY OF DEFAULT, AND (II) OPPOSITION TO PLAINTIFF'S APPLICATION REQUESTING ENTRY OF DEFAULT JUDGMENT

---

BRIAN D. SPECTOR, ESQ. (BS/7343)
DOUGLAS A. GOLDSTEIN, ESQ. (DG/5891)
SPECTOR & EHRENWORTH, P.C.
30 Columbia Turnpike
Florham Park, New Jersey 07932-2261
Tel: (973) 593-4800
Fax: (973) 593-4848
Attorneys for Defendants,
  Louis A. Capazzi, Jr., Esq. and Ann Capazzi

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RESPONSE BY THE CAPAZZIS TO THE CHAPTER 7 TRUSTEE'S OBJECTION. . . . . . . 2

      A.      The Trustee Has Not Rebutted the Arguments Raised in the Motion.. . . . . . . . . . 2

      B.      The Trustee Has Not Rebutted the Capazzis' Assertion That They Did Not
              Engage in Culpable or Bad Faith Conduct.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      C.      The Capazzis Have Asserted a Meritorious Defense.. . . . . . . . . . . . . . . . . . . . . . 2

              1.      The Capazzis Have Proffered That the Trustee Failed to Join Durie
                      Properties, LLC.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

              2.      The Trustee Has Acknowledged That Durie Has an Interest In the
                      Property, and That the Debtor Has No More Than Bare Legal Title.. . . . . 4

      D.      The Trustee's Allegations Concerning Alleged Improprieties Committed By the
              Capazzis Are Irrelevant and Unsupported, and Should Be Disregarded.. . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**STATUTES**

*N.J.S.A.* 42:2B-2.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# PRELIMINARY STATEMENT

Plaintiff, Robert Wasserman, the Chapter 7 Trustee in this bankruptcy case (the "Trustee"), does not challenge the motion brought by defendants Louis A. Capazzi, Jr. ("Louis") and Ann Capazzi ("Ann," and collectively, the "Capazzis") to vacate the entry of default against them (the "Motion") based on the Motion's analysis of the applicable law.  He also does not contend that he or the bankruptcy estate will be prejudiced by the vacatur of the default against the Capazzis.  And, he does not dispute that Ann will be materially harmed if Durie is not joined, or that the Debtor never held more than bare legal title to the property at issue.  At most, in his opposition, the Trustee offers irrelevant facts based on either questionable or non-existent evidence.

As discussed in more detail below and in the Memorandum of Law filed in support of the Motion, the Capazzis have satisfied the Third Circuit's three-part test for a Rule 55(c) motion, and their Motion should be granted in its entirety.

## RESPONSE BY THE CAPAZZIS TO THE CHAPTER 7 TRUSTEE'S OBJECTION

**A.     The Trustee Has Not Rebutted the Arguments Raised in the Motion.**

It is undisputed that the Motion should be granted if the Trustee does not rebut the Capazzis' arguments that (1) vacatur of the default will not prejudice the Trustee, (2) the Capazzis have asserted a meritorious defense, and (3) the Capazzis did not engage in culpable conduct that caused the default. As a preliminary matter, the Trustee does not contend that vacatur of the default will prejudice him or the bankruptcy estate, and thus should be deemed to have abandoned any such argument.

**B.     The Trustee Has Not Rebutted the Capazzis' Assertion That They Did Not Engage in Culpable or Bad Faith Conduct.**

As discussed in the Memorandum of Law filed in support of the Motion, the Court must consider whether the Capazzis engaged in *willful* or *bad faith* conduct that led to the entry of default against them. *See* Capazzis' Memorandum of Law, p. 6-7. The Trustee has not identified a single fact, or cited a single legal authority, to contend that the Capazzis engaged in willful or bad faith conduct. Instead, the Trustee relies entirely on inadmissible hearsay, consisting of a letter from Sean Mack, Esq.

*In arguendo*, even if Mr. Mack's letter constituted competent evidence, which it does not, the Trustee's allegations would suggest only that the Capazzis may have been neglectful; he does not allege that they engaged in willful or bad faith conduct that led to the entry of default.

**C.     The Capazzis Have Asserted a Meritorious Defense.**

As discussed in the Capazzi's Memorandum of Law, the Court must consider whether the Capazzis have *proffered* a meritorious defense; for purposes of the Motion, the Capazzis do not need

to establish a defense, or persuade the Court of the merits of a defense. *See* Capazzis' Memorandum of Law, p. 8.

### 1. The Capazzis Have Proffered That the Trustee Failed to Join Durie Properties, LLC.

It is undisputed that the Capazzis have asserted that the Trustee failed to join an indispensable party; namely, Durie Properties, LLC ("Durie"). Whether the Capazzis can actually establish that Durie is an indispensable party is not ripe for consideration at this stage of the adversary.

Although the Capazzis do not yet need to substantiate their defenses, it is notable that the Trustee does not dispute that (1) Durie provided the funds necessary to purchase the property located at 666 Closter Dock Road, Closter, New Jersey (the "Property"), (2) at no time did the Debtor own any more than a bare legal interest in the Property, and (3) Ann, by accepting personal liability for the HSBC Bank USA, N.A. ("HSBC") loan secured to the Property, will suffer significant financial harm if the Court finds that the Trustee's interest, if any, in the Property is not subject to a constructive trust in favor of Durie. The Trustee's blanket statement that Durie does not have an interest in the Property offers no explanation, and does not rebut the Capazzis' proffered defense.

This adversary is a classic example of the failure to join an indispensable party. If this adversary proceeds without Durie's joinder, the Court will be unable to determine whether a constructive trust exists in Durie's favor, and unable to accord complete relief among the existing parties, including the Trustee. If the Trustee's purported interest in the Property remains subject to Durie's interest, the Trustee will be unable to sell clear title to the Property, which was presumably the reason he brought this action, and this adversary will have needlessly wasted time and the

valuable resources of the bankruptcy estate and this Court.[1]

In addition, if Durie is not joined and if the Capazzis are not permitted to litigate this matter, Ann will be left subject to a substantial risk of incurring inconsistent obligations. She and HSBC contemplated that the Property would serve as collateral for the loan, and that HSBC would have recourse against it. If Durie and Ann are unable to participate in this adversary, and if HSBC cannot pursue its rights to the Property, HSBC likely will pursue Ann for payment of its loan. At the same time, the Trustee will reap a windfall; he does not allege that the Debtor paid for the Property, or that the bankruptcy estate is liable for a loan secured to the Property. The Trustee does not dispute that Durie can be joined, and that Durie's joinder will not impact the Court's subject-matter jurisdiction over this adversary. In addition, there is no equitable reason, and no reason is given, for the Trustee to pursue this adversary without Durie's joinder, and without permitting the Court to render a decision on the merits as to all interested parties.

**2.    The Trustee Has Acknowledged That Durie Has an Interest In the Property, and That the Debtor Has No More Than Bare Legal Title.**

In the Trustee's attempt to argue that the Capazzis do not have a meritorious defense (but not to argue that they did not proffer one), he contends that Durie does not have any interest in the Property. In a related lawsuit pending in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. 4604-09 (in which lawsuit Durie claims a beneficial interest in the Property under a constructive trust)(the "Superior Court Lawsuit"), Durie and the Capazzis propounded upon

---

[1] The fact that the Trustee, before he initiated this adversary, knew that Durie holds or claims an interest in the Property, and that the Trustee should seek to resolve any such claims before attempting to sell it, begs the question of why he chose to omit Durie from this adversary, and how this benefits the bankruptcy estate.

the Trustee an initial set of interrogatories. Three (3) days before the Trustee filed his Objection to the Motion, he responded to the interrogatories. Interrogatory no. 13 requests the Trustee to identify, among other things, each property acquired by, for or on behalf of Durie, any acquisition and construction costs incurred in its development, and the terms of any financing or refinancing. *See* Certification of Douglas A. Goldstein in Further Support of the Motion (the "Goldstein Cert."), ¶2. In response, the Trustee certified that the Property was acquired by, for or on behalf of Durie, *not* the Debtor. He did not identify any construction or acquisition costs, or any financing obligations incurred by the Debtor in connection with the Property. *See* Goldstein Cert., ¶2.

Next, Interrogatory no. 45 requests the Trustee to describe any equity interest in the Property of which the Trustee believes the Debtor has been deprived, or that would have existed but for the defendants' alleged schemes. *See* Goldstein Cert., ¶3. In response, the Trustee did not describe any such interest, and instead, described the Debtor's capital and labor contributions to Durie, which are irrelevant to the Debtor's purported interest in the Property. *See* Goldstein Cert., ¶3; *see also*, *N.J.S.A.* 42:2B-2 (defining a "[l]imited liability company interest" as "a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets," but not including any interest in the assets of the limited liability company).

Lastly, the Debtor's personal attorney, Charles Shaw, Esq. of the Law Office of Charles Shaw & Associates, P.C., who represents the Trustee in the Superior Court Lawsuit, has certified that the Property was purchased by Durie; he acknowledged that the Property was purchased by a "business group" or partnership that included Louis and the Debtor, and that the Debtor "is still an interested party [concerning the Property] based on his participation in the business arrangement and/or

partnership ...," and not based on ownership in the Property. *See* Certification of Charles Shaw, Esq. (Docket Entry No. 81-3, filed December 16, 2008, ¶¶10-12, 25, 28); *see also*, Goldstein Cert., ¶4. Mr. Shaw further certified that, "[b]y May of 2008, there were only three (3) properties remaining which belonged to the business association or partnership .... The remaining unsold properties [include the Property]." *See* Certification of Charles Shaw, Esq. (Docket Entry No. 81-3), ¶¶12, 28. On December 17, 2008, the Debtor disclosed his 50% ownership interest in Durie (Docket Entry No. 83, Schedule B-13). *See* Goldstein Cert., ¶5. The Debtor's bankruptcy schedules do not identify any entity or association other than Durie that could own the Property, and, together with Mr. Shaw's certification, prove that Durie owns the Property.

**D.    The Trustee's Allegations Concerning Alleged Improprieties Committed By the Capazzis Are Irrelevant and Unsupported, and Should Be Disregarded.**

Based solely on the recorded deed for the Property and lis pendens filed by defendant HSBC, the Trustee contends that Ann:

> ... attempted to usurp the Debtor's ownership interest in the Property and obtained a loan from HSBC purportedly secured by a mortgage on the Property, without the Debtor's authorization or consent.

Objection to Motion, ¶5. The Trustee does not explain how a deed recorded in the *Debtor's* name (*not* in Ann's name) and a lis pendens filed by HSBC prove that Ann attempted to usurp the Debtor's ownership interest, and these documents do not tend to support this conclusion.

Similarly, the Trustee does not provide any concrete basis to support his contention that the Capazzis "orchestrated a fraudulent scheme." Objection to Motion, ¶8. He does not identify the elements of a fraud, or the facts that could prove it.

And, based on documents purportedly executed by the Debtor, the Trustee contends that a

certain closing statement was forged. Objection to Motion, ¶11. The Trustee offers no competent evidence to prove that the Capazzis committed a forgery, and does not explain its relevance to the Motion.[2]

For the foregoing reasons, the Trustee has failed to join an indispensable party, the Capazzis have a meritorious defense, and good cause exists to vacate the default.

---

[2] The Trustee apparently wishes to serve as the bankruptcy estate's handwriting expert. It is doubtful that he has the credentials necessary to render such an opinion.

## **CONCLUSION**

Based on the foregoing and defendants' original motion papers, it is respectfully submitted that (1) the Court vacate the default entered against defendants Louis A. Capazzi, Jr. and Ann Capazzi, (2) plaintiff's application for entry of default judgment against defendants Louis A. Capazzi, Jr. and Ann Capazzi be denied, and (3) defendants Louis A. Capazzi, Jr. and Ann Capazzi be permitted to file and serve their responsive pleadings and/or papers.

                                            Respectfully Submitted,

                                            SPECTOR & EHRENWORTH, P.C.
                                            Attorneys for Defendants Louis A. Capazzi, Jr.
                                                and Ann Capazzi

                                            By: /s/ Douglas A. Goldstein
                                                 Douglas A. Goldstein (DG/5891)

Dated: August 20, 2010
Florham Park, New Jersey