BRIAN D. SPECTOR, ESQ. (BS/7343)
DOUGLAS A. GOLDSTEIN, ESQ. (DG/5891)
SPECTOR & EHRENWORTH, P.C.
30 Columbia Turnpike
Florham Park, New Jersey 07932-2261
Tel: (973) 593-4800
Fax: (973) 593-4848
Attorneys for Defendants,
    Louis A. Capazzi, Jr., Esq. and Ann Capazzi

------------------------------------------------------X   **UNITED STATES BANKRUPTCY COURT**
In re:                                               :    **FOR THE DISTRICT OF NEW JERSEY**
                                                     :
RALPH M. DAY, SR.,                                   :
                                                     :    **Case No. 08-18384**
              Debtor.                                :
------------------------------------------------------X   **Chapter 7**
ROBERT B. WASSERMAN, Chapter 7                       :
Trustee,                                             :
                                                     :    **Honorable Morris Stern**
              Plaintiff,                             :
                                                     :    **Adv. Pro. No. 10-01479**
v.                                                   :
                                                     :
LOUIS A. CAPAZZI, JR., ESQ., ANN                     :
CAPAZZI, JESSICA GALLO and HSBC                      :
BANK USA, NATIONAL ASSOCIATION,                      :
                                                     :    **Return Date: August 25, 2010 at 10:00 a.m.**
              Defendants.                            :
------------------------------------------------------    **Courtroom 3-A**
X

**CERTIFICATION OF DOUGLAS A. GOLDSTEIN IN FURTHER
SUPPORT OF THE MOTION OF DEFENDANTS LOUIS A. CAPAZZI, JR. AND
ANN CAPAZZI FOR VACATUR OF THE ENTRY OF DEFAULT AND OPPOSITION
TO PLAINTIFF'S APPLICATION REQUESTING ENTRY OF DEFAULT JUDGMENT**

DOUGLAS A. GOLDSTEIN, of full age, upon his oath, certifies as follows:

1.      I am an attorney-at-law admitted to practice before this Court and am shareholder of

the firm of Spector & Ehrenworth, P.C., attorneys for defendants Louis A. Capazzi, Jr. ("Louis")

and Ann Capazzi ("Ann," and collectively, the "Capazzis") in the captioned case. I am fully familiar

K:\C195.0001\PLDG\vacate.reply.DAG.Cert.wpd

with the facts of this case and make this Certification in further support of the motion of the

Capazzis for vacatur of the entry of default against them and opposition to the application of

Plaintiff, Robert Wasserman, the Chapter 7 Trustee in this bankruptcy case (the "Trustee"),

requesting entry of default judgment.

2.      True copies of Interrogatory no. 13 of the Initial Set of Interrogatories propounded

by the Capazzis and Durie Properties, LLC ("Durie") upon the Trustee in the lawsuit pending in the

Superior Court of New Jersey, Law Division: Bergen County, Docket No. 4604-09 (the "Superior

Court Lawsuit"), and the Trustee's certified answer to Interrogatory no. 13, are attached as <u>Exhibit</u>

<u>1</u>.

3.      True copies of Interrogatory no. 45 of the Initial Set of Interrogatories propounded

by the Capazzis and Durie upon the Trustee in the Superior Court Lawsuit, and the Trustee's

certified answer to Interrogatory no. 45, are attached as <u>Exhibit 2</u>.

4.      A true copy of the Certification of Charles Shaw, Esq. filed on December 16, 2008

(Docket Entry No. 81-3) is attached as <u>Exhibit 3</u>.

5.      A true copy of the Debtor's Amended Schedule B filed on December 17, 2008

(Docket Entry No. 83) is attached as <u>Exhibit 4</u>.

I certify that all of the foregoing statements made by me are true.  I am aware that if any of

the foregoing statements made by me are willfully false, I am subject to punishment.


                                             /s/ Douglas A. Goldstein
                                             Douglas A. Goldstein (DG/5891)

Dated: August 20, 2010
       Florham Park, New Jersey

K:\C195.0001\PLDG\vacate.reply.DAG.Cert.wpd

# EXHIBIT 1

13.  Set forth with specificity, each property acquired by, for or on behalf of Durie Properties, LLC or "The Capazzi Venture," and with regard to each of said properties, set forth the date of acquisition, the name of the person holding title thereto, the cost thereof and any construction costs incurred in the development thereof, the terms of any financing or refinancing and the date and terms of sale. If said property was not sold, set forth the date and details of its disposition or its current status.

## RESPONSE TO INTERROGATORY NO. 13

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections or any of the General Objections, Plaintiffs state as follows:

67 Highland Avenue, Demarest, New Jersey
62 Columbus Road, Demarest, New Jersey
89 Columbus Avenue, Closter, New Jersey
11 Mountainview Court, Demarest, New Jersey
293 Durie Avenue, Closter, New Jersey
666 Closter Dock Road, Closter, New Jersey
23 Prescott, Demarest, New Jersey
337 Blaisedale Road plus an adjoining property consisting of 13.11 acres of vacant land designated as 76-08 Block 1, Lot 4, Orangeburgh, New York
555 Orangeburgh Road, River Vale, New Jersey
25 Wainwright Street, Closter, New Jersey

The costs of the purchase of each of the properties, the construction costs associated with same, and the terms of the financing and refinancing for each of the properties are not known by these Plaintiffs, as Defendant Louis Capazzi retained all of books and records in connection with the properties and refused to provide Plaintiffs with access to same.

Plaintiffs reserve the right to supplement and/or amend this fully responsive answer to this Interrogatory at any time during the continued course of discovery and/or any time prior to Trial in this matter.

14.  With regard to each count of the Complaint, set forth all facts known by you which pertain thereto or which support the allegations therein, including any facts tending to exculpate the defendant Capazzi or any other Defendant in this action. With regard to such facts, set forth the date and location of any events described or identified in your answer.

## RESPONSE TO INTERROGATORY NO. 14

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

15

## CERTIFICATION

*to the best of my knowledge, information + belief [initials]*

I hereby certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, I am subject to punishment.

I hereby certify that copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of doctors or expert, either written or oral are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

*I am signing this certification in my capacity as chapter 7 Trustee for Ralph Day and as such am relying on report on the Days sworn testimony and information obtained by my attorneys*

_____
(Signature)

Robert B. Wasserman
(Print Name)

Date: 8/10/10

28

# EXHIBIT 2

r.    That title for 293 Durie Avenue was transferred without authorization;

s.    That construction costs were falsified for 293 Durie Avenue. In answering this interrogatory, specify which construction costs and the amount thereof and the extent to which the same were falsified. Provide all documents in support of such allegation;

t.    That the proceeds of sale from 293 Durie Avenue were improperly retained. Identify the person retaining the same;

u.    That a mortgage was obtained on 666 Closter Dock Road without approval or authorization;

v.    That the rents from 666 Closter Dock Road wrongfully retained and identify the person retaining same;

w.    That construction costs were falsified for 23 Prescott, Demarest. In answering this interrogatory, specify which construction costs and the amount thereof and the extent to which the same were falsified. Provide all documents in support of such allegation;

x.    That books and records were wrongfully withheld.

## RESPONSE TO INTERROGATORY NO. 44

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections or any of the General Objections, Plaintiffs state as follows:

a. – x. See Plaintiffs' fully responsive answer to Interrogatory number 2 and number 14.

Plaintiffs reserve the right to supplement and/or amend this fully responsive answer to this Interrogatory at any time during the continued course of discovery and/or any time prior to Trial in this matter.

45.    Describe any equity interest in the properties of Durie Properties, LLC which plaintiffs have been deprived of or which would have existed but for defendants alleged schemes as alleged in Paragraph 82 of the complaint.

## RESPONSE TO INTERROGATORY NO. 45

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections or any of the General Objections, Plaintiffs state as follows:

Plaintiffs contributed $1,800,000.00 obtained from a line of credit on a property owned by Plaintiffs in the Isle of Palms, South Carolina; $200,000.00 from a line of credit against Plaintiffs' primary residence located at 15 Christie Street, Demarest, New Jersey; $75,000.00 from a line of credit against a third property owned by Plaintiffs

located at 21 Christie Street, Demarest, New Jersey; plus approximately $250,000.00 in addition which was also obtained from a line of credit on a fourth property owned by Plaintiffs located at 10 Christie Street, Demarest, New Jersey. During the course of the business relationship, Mr. Day contributed capital and labor to Durie Properties ventures, pre and post-formation of Durie Properties, LLC, and expected, and was promised, to receive a return on his investments and his share of all profits. To the best of Mr. Day's recollection, there were only two disbursements made to the Plaintiffs. In connection with the sale 62 Columbus Road, Demarest, Plaintiffs received $40,000.00.

Plaintiffs reserve the right to supplement and/or amend this fully responsive answer to this Interrogatory at any time during the continued course of discovery and/or any time prior to Trial in this matter.

46.    Describe the acts of the alleged enterprise constitute a continuing threat as alleged in Paragraph 83 of the complaint. In your answer, identify all actions which you claim that the defendants, or any of them should undertake to alleviate such threat in which of their actions constitute a continuing "racketeering" activity.

## RESPONSE TO INTERROGATORY NO. 46
Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections or any of the General Objections, Plaintiffs state as follows:

*See* Plaintiffs' fully responsive answer to Interrogatory number 2 and number 14.

Plaintiffs reserve the right to supplement and/or amend this fully responsive answer to this Interrogatory at any time during the continued course of discovery and/or any time prior to Trial in this matter.

47.    Describe all acts of the defendants, or any of them, which constitute the investment, either directly or indirectly, of income or proceeds of their enterprise in its operation, as alleged in Paragraph 90 of the complaint.

## RESPONSE TO INTERROGATORY NO. 47
Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, seeking information within the Defendant's possession, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections or any of the General Objections, Plaintiffs state as follows:

*See* Plaintiffs' fully responsive answer to Interrogatory number 2 and number 14.

## CERTIFICATION

*to the best of my knowledge, information + belief RBW*

I hereby certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, I am subject to punishment.

I hereby certify that copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of doctors or expert, either written or oral are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

*I am signing this certification in my capacity as chapter 7 Trustee for Ralph Day and as such am relying in part on the Dmgs sworn testimony and information obtained by my attorney.*

_____
(Signature)

Robert B. Wasserman
(Print Name)

Date: 8/10/10

# EXHIBIT 3

**LAW OFFICE OF CHARLES SHAW
& ASSOCIATES, P.C.**
**Charles Shaw, Esq.**
170 Washington Avenue
Dumont, NJ 07628
(201) 338-2821
Attorneys for Debtor
Ralph Day, Sr.

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re: | : **Chapter 11** |
| **Ralph Day, Sr.,** | : **Case No. 08-18384(MS)** |
| **Debtor(s)** | : **Hearing Date: December 16, 2008 at 11:30 a.m.** |

      **CHARLES SHAW, ESQ.**, of full age, certifies in accordance with R. 1:4-4(b), as follows:

      1.    I am an attorney-at-law of the State of New Jersey with the Law Office of Charles Shaw & Associates, P.C.

      2.    I have known Debtor Ralph Day, Sr. for many years and have served as counsel for him and members of his immediate and extended families, respectively, in both their personal and corporate matters.

      3.    As Mr. Day's personal attorney, I am fully familiar with the facts and circumstances surrounding this case and, specifically, the facts I about to relate herein.

4.      This Certification is submitted in opposition to the Acting United States Trustee's ("Trustee") Motion to convert Mr. Day's Case to a Chapter 7 or, in the alternative, to dismiss Mr. Day's Case pursuant to 11 U.S.C. §1112(b) .

### BUSINESS TRANSACTIONS WITH LOUIS CAPAZZI

5.      In the Memorandum of Law submitted in support of the Trustee's Motion, the Trustee raises an issue surrounding a purported significant loan from Mr. Day to Mr. Day's former business partner, Mr. Louis Capazzi.

6.      Mr. Day's business relationship with Mr. Capazzi began in and around early 2004.

7.      Originally there were four partners involved in real estate ventures, two of whom were personal friends of Mr. Day.  At some point, one of the friends of Mr. Day deceased and one became terminally ill, leaving only two remaining partners, Mr. Day and Mr. Capazzi.

8.      At some point and for a substantial period of time, Mr. Capazzi was a practicing attorney with offices located in Oradell, New Jersey.  Upon information and belief, Mr. Capazzi's practice was predominantly involved in real estate closings and other such matters.  Upon information and belief, Mr. Capazzi was, at some point, either suspended or disbarred from the practice of law in the State of New Jersey for purported ethical violations and/or breaches.

9.      The purpose of the business arrangement amongst the parties was to purchase properties, tear down existing homes, build new residences, and then sell the properties for a profit.

-2-

10.    In total, the business group purchased eight (8) properties and built houses on six (6) out of the eight (8) of the properties.

11.    Prior to Mr. Day filing his Bankruptcy Petition in June 10, 2008, all but three (3) of the properties had been sold.

12.    The remaining unsold properties were located at 11 Mountain View Court, Demarest, New Jersey ("Mountain View"); Blaisedale Road, Orangeburg, New York ("Blaisedale"); and 666 Closter Dock Road, Closter, New Jersey ("Closter Dock").

13.    With the significant downturn in the real estate market, the substantial prices of the houses built by the business partners, and the representations of then lawyer/partner Mr. Capazzi to Mr. Day, Mr. Day was led to believe that no equity existed in any properties, including Mountain View, Blaisedale, and Closter Dock, and that all Mr. Day would do for the next several years would be to carry the debt that was incurred directly from building these homes.

14.    Upon information and belief, the representations of Mr. Capazzi were supported by documents now believed to be fakes and/or fraudulent, designed with the specific intent to convince Mr. Day that all was lost in the business ventures including Mountain View, Blaisedale, and Closter Dock, and that no equity and/or profit would be extracted from the last of these transactions.

15.    Based upon suspicions that prior deals may have been profitable and now the Mountain View, Blaisedale, and Closter Dock deals would be purportedly fruitless, Mr. Day requested this firm to order a title search upon Mountain View as it was pending a proposed sale. (*See* copy of March 17, 2008 correspondence to Bridgeview Abstract, annexed hereto as **Exhibit A**).

- 3 -

16.     On March 19, 2008, this firm received a copy of the title search for Mountain View, which indicated that there was only one (1) lien/mortgage on the property. (*See* copy of title search and copy of March 19, 2008 correspondence to Mr. Capazzi, Esq., annexed hereto as **Exhibit B** and **Exhibit C**, respectively).

17.     Suspicions regarding Mr. Capazzi's activities were further aroused when Mr. Capazzi advised my Associate, Eilish M. McLoughlin, Esq., that, unbeknownst to Mr. Day, there was a second, unrecorded Mortgage on Mountain View.

18.     At this point, Mr. Day requested that Mr. Capazzi provide the HUD-1 Closing Statements for four (4) of the properties previously owned by the business association (all pre-bankruptcy filing), namely 67 Highland Avenue, Demarest, New Jersey ("67 Highland"); 62 Columbus Avenue, Demarest, New Jersey ("62 Columbus"); 89 Columbus Avenue, Closter, New Jersey ("89 Columbus"); and 293 Durie Avenue, Closter, New Jersey ("293 Durie"). (*See* copy of March 19, 2008 correspondence, annexed hereto as **Exhibit D**).

19.     Mr. Capazzi refused to provide the requested HUD-1 Closing Statements so the undersigned requested that his counsel, William J. Rush, Esq., furnish same. (*See* copy of March 25, 2008 correspondence, annexed hereto as **Exhibit E**).

20.     Despite repeated requests by this firm, Mr. Rush would not produce the requested closing documents.   The actions of Mr. Rush have been called into question additionally as he apparently served more than "one master" by, in part, representing all parties in these transactions but effectively assisting Mr. Capazzi in furthering his own objectives.

21.     At some point thereafter, Mr. Day was able to independently obtain copies of the HUD-1 Closing Statements for two (2) of the four (4) properties, namely 67 Highland and 62 Columbus through a family member that is a New Jersey licensed real estate

- 4 -

broker. (*See* copy of HUD-1 Closing Statements for 67 Highland and 62 Columbus, annexed hereto as **Exhibit F** and **Exhibit G**, respectively).

22.    A review of the HUD-1 for 67 Highland indicated that $250,156.19 was received as "Cash to Seller" yet Mr. Day never received any portion of these proceeds from this July 20, 2007 closing. (*See* copy of March 26, 2008 correspondence, annexed hereto as **Exhibit H**). In fact, Mr. Day was specifically told by Mr. Capazzi that no net proceeds were able to be obtained through this transaction. This was also confirmed by Mr. Rush who attended the closing with Mr. Capazzi and without Mr. Day.

23.    Furthermore, a review of the HUD-1 for 62 Columbus indicated that "Cash to Seller" amounted to $608,840.40 on this March 30, 2007 closing, yet Mr. Day only received $40,000.00, also at a time prior to the bankruptcy filing. Once again, Mr. Day was specifically told by Mr. Capazzi that no net proceeds were able to be obtained through this transaction. This was also again confirmed by Mr. Rush who attended the closing with Mr. Capazzi and without Mr. Day. (Id.)

24.    It was not until late March 2008 when this firm reviewed the HUD-1 Closing Statements for 67 Highland and 62 Columbus with Mr. Day that we were able to discover that a potential fraud had indeed been committed by Mr. Capazzi, alone or in concert with other individuals, against Mr. Day.

25.    An investigation also revealed that the Deeds for the Blaisedale and Closter Dock properties did not contain Mr. Day's name, though Mr. Day is still an interested party based on his participation in the business arrangement and/or partnership discussed herein and above.

26.    The scope and magnitude of any such loss or financial damages resulting from these purportedly fraudulent activities has not been determined and could not adequately be determined without a lawsuit being filed by Mr. Day against those parties and substantial discovery being undertaken by this firm. This firm was requested by Mr. Day to do so, but I did not accommodate that request due to the significant financial concerns involving Mr. Day as well as the required approval from the Bankruptcy Court to do so on behalf of Mr. Day.

27.    To date, neither this firm nor Mr. Day has been furnished with HUD-1 Closing Statements for 89 Columbus or 293 Durie. The potential fraud committed against Mr. Day may have involved two practicing and/or formerly practicing attorneys and the discovery of any such potential fraud, I would respectfully submit, was much more difficult to discover or even glean any indication of on the part of Mr. Day while dealing with sophisticated and experienced attorneys in real estate matters. At this point, the complete development of Mr. Day's potential claims and/or damages or the specific activities of these parties or other parties can not and has not been determined as of even date.

28.    By May of 2008, there were only three (3) properties remaining which belonged to the business association or partnership.

29.    When presented with some or scant evidence of the potential fraud claims of Mr. Day, along with Mr. Day's refusal to consent to a closing on 11 Mountain View as an interested party, Mr. Capazzi eventually facilitated the closing of 11 Mountain View with the assistance of Mr. Rush and grudgingly capitulated to a payment to Mr. Day which was without prejudice to the rights and/or interests of Mr. Day in any potential cause of action going forwarded against these parties.

Case 10-01479-MS   Doc 23-1   Filed 08/20/10   Entered 08/20/10 16:24:32   Desc
Case 08-18384-MS   Doc 6 of 3 Certification 12/16/08   Page 17 of 22d 12/16/08 21:05:32   Desc
Certification of Litigation Attorney   Charles Shaw   for Debtor-in-Possesion in o   Page 11 of 57

I certify that the foregoing statements made by me are true.  I am aware that if

any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____

  CHARLES SHAW, ESQ.

Date: December /6 , 2008

- 11 -

# EXHIBIT 4

B6B (Official Form 6B) (12/07)

In re    **Ralph M. Day, Sr.**                                      Case No. ____**08-18384**____

                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 1. Cash on hand | | **Cash on Hand** | - | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account with Bank of America** | J | 500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Miscellaneous Household Goods** | - | 15,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Miscellaneous Clothing** | - | 5,000.00 |
| 7. Furs and jewelry. | | **Miscellaneous Jewelry** | - | 5,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **one 38 model 380, two 9 mm used for work as a police officer, one 357 magnum** | - | 2,000.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Whole Life insurance Policy with New England Life** | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

|  |  |
|---|---:|
| Sub-Total >  (Total of this page) | 27,550.00 |

__3__  continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Ralph M. Day, Sr.**                                                    Case No. ___**08-18384**___
_____,
                                   Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **401 k with Employer** | - | **14,000.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% interest in Viking Industrial Security, Inc.** | - | **0.00** |
| | | **Durie Properties Inc. Debtor-in-Possession is a 50% Stockholder in said company. The value of said property is to be determined** | - | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | **Decor Homes Versus Audrey Nevitsky versus Coldwell Banker Real Estate Services, Inc Anita Gatto individually , Paul G. Gilblin, Jr., Esquire individually Law Offices Giblin & Giblin, Ralph Day, individually** | - | **0.00** |
| | | **Ralph Day versus Nunzia Mazzoccoli, as administratrix of Estate of Andrew D'Alessio** | - | **45,000.00** |
| | | **Viking Industrial Security, Inc versus Liberty Mutual Insurance Company (Counter suit)** | - | **Unknown** |
| | | **Day versus Louis Capazzi suit to be filed. The amount is to be determined.** | - | **0.00** |

Sub-Total >    **59,000.00**
(Total of this page)

Sheet __**1**__ of __**3**__  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Ralph M. Day, Sr.**                                    Case No.    **08-18384**
                                                    ,
                            Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2006 F150 Truck** | J | **20,000.00** |
| | | **2007 Ford Ranger** | J | **20,000.00** |
| | | **2007 Ford Ranger** | J | **14,000.00** |
| | | **2008 Ford Ranger** | J | **20,000.00** |
| | | **2007 Ford Ranger** | J | **20,000.00** |
| | | **1987 Isuzu Box Truck** | J | **1,000.00** |
| | | **2003 Chevy S-10** | J | **5,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

Sub-Total >    **100,000.00**
(Total of this page)

Sheet  **2**  of  **3**   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Ralph M. Day, Sr.**                                                  Case No. _____**08-18384**_____

                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 186,550.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)